IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 1 0 2016

MATTHEW J. DYKMAN
CLERK

ANTOINE "TONY" PIRARD

(*Pro Se*) et. al.

    Plaintiff,

v.                            No. 1:15-cv-00707MCA-WPL

CITY OF ALBUQUERQUE,
MAYOR RICHARD BERRY,
ROB PERRY,
GILBERT MONTANO,
POLICE CHIEF GORDEN EDEN,
SCOTT GREENWOOD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, on the Basis of Res Judicata/Collateral Estoppel, and for Lack of Standing.*[1] [Doc. 10] The Court has considered the parties' submissions, the relevant law, and the record, and has otherwise been fully advised in the premises.

## BACKGROUND

Following a Department of Justice (DOJ) civil investigation into the Albuquerque Police Department (APD), the DOJ concluded that APD officers engage in a pattern or

---

[1] Mr. Perry is the City of Albuquerque's Chief Administrative Officer. Mr. Montano is the Deputy Chief Administrative Officer for the City of Albuquerque. Mr. Greenwood is one of the attorneys representing the City of Albuquerque in the ongoing case, *United States of America v. City of Albuquerque*, 1:14-cv-01025-RB-SMV.

1

practice of using excessive lethal and "less lethal" force during the course of arrests and other detentions in violation of the Fourth Amendment and 42 U.S.C. § 14141. *United States of America v. City of Albuquerque*, No. 1:14-cv-01025-RB-SMV, Doc. 1, ¶¶ 7, 8-10, 13 (D.N.M. filed Nov. 12, 2014). The DOJ investigation led to a civil lawsuit, filed in this Court in November 2014, captioned *United States of America v. City of Albuquerque*. *Id.*, Doc. 1. *City of Albuquerque* was assigned to U.S. District Judge Robert C. Brack.

The United States and the City of Albuquerque entered into a settlement agreement, and filed a joint motion requesting approval and entry of the settlement agreement as an order. *Id.* Doc. 9. Before issuing an order finally approving the settlement agreement, Judge Brack invited the submission of briefs by amicus curiae who met the following description "[a]ny bona fide governmental, non-profit, or private entity (i.e. State, Commonwealth, or U.S. territory or subdivision thereof, police union or association, civil rights organization, etc.), duly represented by counsel that is admitted to this Court[.]" *Id.* Doc. 35, p. 2. Eventually, in June 2015, Judge Brack granted the joint motion to approve the settlement agreement, and entered the settlement agreement as an order of the Court. *Id.* Doc. 134.

In the interim, after the joint motion to approve the settlement agreement, and before the settlement agreement was entered as an order, Mr. Pirard (Plaintiff in the present case) filed a *pro se* motion to intervene in *City of Albuquerque*, a motion to dismiss the lawsuit, and two amicus briefs. *Id.* Doc. 14, Doc. 102, p. 11. Several "concerned citizens" also moved to intervene in *City of Albuquerque* using form motions

2

that included no argument of their own, but supported Mr. Pirard's filings. *Id.* Doc. 102, p. 11. From Mr. Pirard's filings, Judge Brack construed his primary concern to be the City's commitment to abiding by the Constitution and laws of the United States, and an objection to "lawlessness within police departments." *Id.*

Judge Brack denied Mr. Pirard's motion to intervene, denied the motions from the concerned citizens, and denied Mr. Pirard's motion to dismiss on the ground that he was not a party to the action. *Id.* at p. 12. Judge Brack reasoned that "[a]lthough Mr. Pirard may have an interest in ensuring that local police departments operate effectively and within the confines of the Constitution, his interest is adequately represented by the United States." *Id.* at p. 11-12. And further, that "the United States initiated this law suit to protect the interest of Mr. Pirard, the concerned citizens, and all the residents of Albuquerque." *Id.* at p. 12. Judge Brack concluded that Mr. Pirard could not intervene as a matter of right; and, because he did not state a cognizable claim as a basis for permissive intervention, he could not intervene under Federal Rule of Civil Procedure, 24(a) or (b). *Id.*

Notwithstanding Judge Brack's order, Plaintiff filed six additional motions in *City of Albuquerque*. *Id.* Doc. 131. Judge Brack eventually enjoined Plaintiff from making further filings in *City of Albuquerque*. *Id.* Two months later, Plaintiff filed the present lawsuit. [Doc. 1-1]

Plaintiff's complaint in this matter is titled: Plaintiff, et al. Class Action Civil Complaint for Damages Plaintiff, et al. Complaint and Objection to City of Albuquerque's Settlement Agreement as a Complete Breach of Contract, Deprivation of

3

Rights, Fraud, Misrepresentation, and Address All Murders of Our American Veterans and Citizens by APD (Albuquerque Police Department). [Doc. 1-1 p. 3] Plaintiff later filed an "amendment" to his complaint. [Doc. 1-1 p. 1] References to Plaintiff's "complaint" encompass these two documents. Plaintiff's complaint was originally filed in the Second Judicial District of New Mexico, and Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b). [Doc. 3]

In his complaint, filed on behalf of himself and "the American Citizens" (to whom Plaintiff refers collectively as "We the People"), Plaintiff claims that Defendants have committed a breach of contract, fraud, deprivation of rights, and misrepresentation. [Doc. 1-1 p. 2-8] The Court construes Plaintiff's complaint as stating (1) various objections to the settlement agreement at issue in *City of Albuquerque*; (2) a claim that the City of Albuquerque and APD continue to act in violation of the Constitution and laws of the United States despite the settlement agreement; and (3) a claim for criminal prosecution and monetary damages on behalf of enumerated American citizens and veterans that have been "murdered" by APD. [Doc. 1-1]

Defendants move to dismiss Plaintiff's complaint on the grounds that (1) Plaintiff lacks standing to maintain the lawsuit, (2) Plaintiff's complaint and amendment fail to state a claim upon which relief can be granted, and (3) Plaintiff's claims are precluded on Res Judicata and Collateral Estoppel grounds. [Doc. 10 p. 6-14] Plaintiff did not respond to Defendant's *Motion to Dismiss*[2]. Because the Court concludes that Plaintiff's

---

[2] Although Plaintiff did not file a "response" to Defendants' *Motion to Dismiss*, in Plaintiff's Reply to Notice of Impending Reassignment, Plaintiff included the following

4

complaint must be dismissed for lack of standing to maintain the lawsuit, the Court does not consider the remaining issues raised in Defendants' *Motion to Dismiss*.

**STANDARD AND ANALYSIS**

In considering a motion to dismiss, the Court accepts as true all well-pleaded material allegations of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a motion to dismiss plaintiff's complaint must contain sufficient facts that, taken as true, demonstrate a plausible claim for relief. *Ashcroft*, 556 U.S. at 678-79 (stating the standards that apply to motions to dismiss). Because Plaintiff appears *pro se*, the Court liberally construes his pleadings. *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013).

*Plaintiff Failed to Demonstrate Standing to Bring his Claims*

*I.    Standing Principles*

A federal court may only hear cases in which the plaintiff has standing to sue. There are two components of standing—a Constitutional component and a prudential component. "Article III of the Constitution limits the jurisdiction of federal courts to [c]ases and [c]ontroversies." *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1171 (10th Cir. 2007). In order to satisfy the case or controversy requirement of Article III, a plaintiff must establish: "(1) an injury in fact that is both concrete and particularized as well as actual or imminent; (2) a causal relationship between the injury and the

---

statement: "this Court is hereby ORDERED to dispose of, and do not address the **DISPOSITIVE MOTION(S),** as sent to this Court in DESPERATION to dismiss the DEFENDANTS of the City of Albuquerque. [Doc. 18-2 p. 3] Liberally construing the foregoing language, the Court concludes that it constitutes Plaintiff's only response, albeit, unaccompanied by argument or authority, to Defendants' *Motion to Dismiss*.

challenged conduct; and (3) a likelihood that the injury would be redressed by a favorable decision." *Protocols, LLC v. Leavitt*, 549 F.3d 1294, 1298 (10th Cir. 2008). "The case or controversy limitation requires that a plaintiff have standing"; and the elements of standing are an indispensable part of the plaintiff's pleadings. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164-65 (10th Cir.1996). Therefore, the plaintiff bears the burden of establishing standing at the pleading stage. *Id.* at 1165.

"Prudential standing is not jurisdictional in the same sense as Article III standing." *Finstuen* v. *Crutcher*, 496 F.3d 1139, 1147 (10th Cir. 2002). The concept of prudential standing entails judicially-created principles that limit the class of people who may initiate a lawsuit. *Bd. of Cty. Comm'rs v. Geringer*, 297 F.3d 1108, 1112 (10th Cir. 2002). Pursuant to prudential standing: (1) "a plaintiff must assert his own rights, rather than those belonging to third parties"; (2) "the plaintiff's claim must not be a generalized grievance shared in substantially equal measure by all or a large class of citizens"; and (3) "a plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit." *Id.* Generally, a plaintiff must satisfy the prudential standing requirements in order to file a lawsuit. *Id.* ("[A] party that has satisfied the requirements of constitutional standing may nonetheless be barred from invoking a federal court's jurisdiction" if he fails to satisfy prudential standing).

## II. *Plaintiff's Allegations Do Not Satisfy the Prerequisite of Standing*

As an initial matter, the Court makes two observations. First, the Court observes that Plaintiff's complaint is largely incomprehensible. The complaint consists mainly of

various excerpts from the settlement agreement between the City of Albuquerque and the United States; bare recitations of federal and state law; the definition of "perjury" taken from a Latin dictionary; and several paragraphs on the topic of *Miranda* warnings that Plaintiff attributes to "the writings of Erwin Chemerinsky."[3] [Doc. 1-1] These assorted statements are not accompanied by, or connected with, any factual allegations and, therefore, fail to meet basic pleading requirements. *See Ashcroft*, 556 U.S. at 678 (stating that a complaint that contains "[t]hreadbare recitals" of the law and "naked assertions devoid of further factual enhancement" does not suffice (alteration omitted)). These statements do not factor into the Court's analysis of Plaintiff's standing.

Secondly, to the extent that Plaintiff claims to represent any person, other than himself, including unnamed "American Citizens," veterans, and enumerated persons who have allegedly been murdered by APD, he is not permitted to do so. *See Bd. of Cty. Comm'rs*, 297 F.3d at 1112 (stating that pursuant to prudential standing requirements, "a plaintiff must assert his own rights, rather than those belonging to third parties"). Accordingly, the Court considers Plaintiff's allegations only to the extent they relate to him, personally.

As noted earlier, in order to establish Article III standing, a plaintiff must allege, among other things, "an injury in fact that is concrete and particularized as well as actual or imminent[.]" *Protocols, LLC.*, 549 F.3d at 1298. The injury-in-fact element of standing requires a plaintiff to allege "a distinct and palpable injury to" himself that is "real and immediate" rather than "conjectural or hypothetical." *Ash Creek Mining Co. v.*

*Lujan*, 969 F.2d 868, 875 (10th Cir. 1992). Plaintiff's complaint is devoid of any allegation that he, personally, has been injured or imminently will be injured by an alleged violation of the Constitution or laws of the United States committed by Defendants.

For example, Plaintiff complains that Defendants have violated federal law in the following ways: a "[l]ack of transparency, use of lapel cameras[] and recording devices, obtaining public records, accurate police reports, failure of [APD] to discipline officers in cases of abuse, domestic violence, criminal prosecution of APD officers for police shootings of our American [v]eteran's [sic] and ALL [c]itizens murdered by APD et. al." [Doc. 1-1 p. 4] But Plaintiff does not allege that he, personally, has been affected by the alleged lack of transparency, any use, misuse, or non-use of lapel cameras and recording devices, or any other of the alleged violations. As such, Plaintiff has failed to satisfy the injury-in-fact element of standing.

Plaintiff also complains that the "new [p]olice [t]raining instructed by Department of Homeland Security (DHS) and Federal Emergency Management Agency (FEMA) to local [p]olice [d]epartment training programs" is unlawful. [Doc. 1-1 p. 9] And he alleges that "[t]he City of Albuquerque has . . . misrepresented and denied Citizen involvement at all levels such as (CPOB) Citizen Police Oversight Board, Public Relations, and Internal Affairs Division." [Doc. 1-1 p. 10] As to the latter, Plaintiff elaborates by stating that, "[t]he City of Albuquerque has created a culture that involves only 'civilians' identified as 'stakeholders' from community groups and community leaders, hand chosen by the City of Albuquerque and the Department of Justice, falsely

8

representing We the People, the American Citizens, in order to keep [c]ontrol of the people." [Id.] However, Plaintiff fails to allege that that he, personally, has been affected by the new police training; nor does he allege that he, personally, has been unjustly excluded from involvement in city government or that he has been falsely represented.

Finally, Plaintiff alleges that "We the People have not seen any investigations leading into accountability or [i]ndictments for the murders of [v]eterans and [c]itizens of the City of Albuquerque." [Doc. 1-1 p. 10] Plaintiff attributes the alleged lack of accountability to training programs issued by DHS and FEMA in which, over the past few decades, the term "American Citizen" has been changed to the term "Civilians." [Id.] And he alleges that this change has transformed the way that American citizens are viewed by police, court, and government personnel, thereby putting "us all in harms [sic] way." [Id.] As stated earlier, prudential standing principles prohibit Plaintiff from asserting the rights of others. As such, the Court considers the foregoing allegation only insofar as it pertains to Plaintiff.

To the extent that Plaintiff's complaint contains an allegation that he, personally is in harm's way, the allegation is insufficient to satisfy the injury-in-fact requirement of Article III standing. To satisfy the injury-in-fact element of standing, a plaintiff must show that an injury is "*certainly* impending." *See Clapper v. Amnesty Int'l*, 133 S.Ct. 1138, 1147 (2013). "[A]llegations of [a] *possible* future injury" are insufficient to demonstrate an injury in fact. *Id.*

As with his other claims, Plaintiff has not alleged sufficient facts to demonstrate that he has standing to challenge, or object to, the settlement agreement. Plaintiff has not

9

alleged an injury in fact related to the settlement agreement as required to establish Article III standing. And, insofar as Plaintiff's "objections" to the settlement agreement reflect generalized grievances shared by American citizens regarding civil rights violations committed by APD, his claim is precluded by prudential standing principles.

Moreover, Plaintiff's interest in the settlement agreement, particularly his concern that the City of Albuquerque and APD operate lawfully and within the confines of the Constitution, was adequately represented by the United States, as a party in *City of Albuquerque*. *See* No. 1:14-cv-01025-RB-SMV, Doc. 102 p. 11-12. To the extent that Plaintiff believed that his interest in regard to the settlement agreement would not be adequately represented by the United States, Defendant was free to appeal the order denying his motion to intervene in that matter. *See Securities & Exch. Comm'n v. Broadbent*, 296 F. App'x. 637, 640 (10th Cir. 2008) ("If the district court denies a motion to intervene, the proper procedure is to pursue an immediate appeal[.]"). He did not do so.

In sum, Plaintiff lacks standing to maintain the present lawsuit. Further, in regard to Article III standing, insofar as Plaintiff has failed to establish injury-in-fact as to any of his claims, the Court need not consider whether his complaint adequately alleges causation and redressability. *See Coll v. First Am. Title Ins.*, 642 F.3d 876, 892 (10th Cir. 2011) (concluding that where the plaintiff fails to establish one of the required elements of standing, the court "need not spend any time" on the issue whether the plaintiff has established the remaining two requirements). The Court lacks jurisdiction over Plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint must be dismissed.

**IT IS THEREFORE HEREBY ORDERED** that *Defendants' Motion to Dismiss* is **GRANTED.**

**IT IS SO ORDERED** this 10th day of February, 2016 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge